UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HOPE QUAINTANCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16 CV 1326 DDN |
| ) | |
| CITY OF COLUMBIA, MISSOURI, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER
## TRANSFERRING CASE TO WESTERN DISTRICT OF MISSOURI

Defendant City of Columbia, Missouri, moves to dismiss this action under Federal Rule of Civil Procedure 12(b)(3) on the grounds of improper venue. (ECF No. 14). In the alternative, defendant requests that this court transfer this case to the Western District of Missouri pursuant to 28 U.S.C. § 1406(a). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

For the following reasons, defendant's motion to transfer the case is granted.

## BACKGROUND

Plaintiff Hope Quaintance, a resident of Columbia, Missouri, brings this suit under the Americans with Disabilities Act, alleging that defendant City of Columbia, Missouri, discriminated against her on the basis of disability. (ECF No. 1). According to plaintiff's complaint, she worked as a city bus driver for defendant. Plaintiff does not claim that the discriminatory conduct occurred at any location other than Columbia, Missouri. She alleges that on April 4, 2014, she made a complaint to defendant alleging harassment by her supervisor and other co-workers. On May 8, 2014, plaintiff saw her primary care doctor, who considered her fit to work as a city bus driver with no restrictions. *Id.*

However, plaintiff alleges that on May 18, 2014, defendant required her to see a different doctor, defendant's own "Employee Health Medical Advisor." This doctor restricted plaintiff from driving. In June 2014, this doctor canceled plaintiff's return-to-work exam. *Id.* On August 25, 2014, defendant terminated plaintiff for the stated reason she was not medically capable of performing the essential functions of her job. *Id.* Plaintiff filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission ("EEOC") on May 21, 2015. *Id.* On May 19, 2016, the EEOC issued plaintiff a right-to-sue letter. Plaintiff filed the present suit in the Eastern District of Missouri on August 15, 2016. *Id.*

## **VENUE STANDARD**

Venue for a civil action is proper in any judicial district in which (1) "any defendant resides, if all defendants are residents of the State in which the district is located;" (2) "a substantial part of the events or omissions giving rise to the claim occurred;" or, (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

A defendant may move to dismiss a complaint for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). A defendant may also move to transfer venue to another federal district pursuant to 28 U.S.C. § 1404(a), which is permissive, or § 1406(a), which is mandatory. Defendant argues venue in the Eastern District of Missouri is improper, and moves under § 1406 for dismissal or transfer: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

2

## DISCUSSION

Defendant argues that the Eastern District of Missouri is not the proper venue because: (1) defendant is not a resident of this forum and (2) none of the events giving rise to this suit occurred in this forum. (ECF No. 14). This court agrees.

This district is not the proper venue for this judicial action. Defendant is not a resident of this district and no relevant facts are alleged to have occurred here. Instead, defendant is a municipality with its principal place of business in Columbia, Missouri. (ECF No. 15). According to plaintiff's complaint, all of the facts directly giving rise to the claim occurred in Columbia, Missouri. (ECF No. 1). Columbia, Missouri is located in Boone County within the Western District of Missouri. Accordingly, venue is only proper in the Western District of Missouri.

Plaintiff argues that she will not receive a fair judgment in the Western District because of her past experiences litigating in that area. (ECF Nos. 17, 19). The court gives no credence to plaintiff's argument. In any event, the mandatory nature of 28 U.S.C. § 1406(a) renders plaintiff's argument legally insufficient.

The court has determined to transfer the action rather than to dismiss it. If this court were to dismiss the action, any subsequently-filed suit for relief under the alleged facts may fall outside of the ninety-day time limit from the date plaintiff received the EEOC notice for filing suit, and she might lose her right to sue. (ECF No. 1); 29 C.F.R. 1614.407(a); *Hallgren v. U.S. Dep't. Energy*, 331 F.3d 588 (8th Cir. 2003).

Transfer is therefore appropriate. Transfer preserves the timeliness of plaintiff's civil action as well as promotes the efficient use of the time and resources of the courts and the parties.

## ORDER

For the reasons stated above,

**IT IS HEREBY ORDERED** that defendant's motion to transfer this action (ECF No. 14) is **sustained.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall transfer this case to the United States District Court for the Western District of Missouri. Plaintiff's pending motion for the appointment of counsel (ECF No. 17) is deferred to that court for consideration.

/S/   David D. Noce<br>**UNITED STATES MAGISTRATE JUDGE**

Signed on January 17, 2017.