THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| HOPE QUAINTANCE ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:17-cv-04007-NKL |
| v. ) | |
| ) | |
| CITY OF COLUMBIA, COMO CONNECT ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

Pending before the Court is Plaintiff's Motion for Recusal or Change of Venue [Doc. 29]. For the following reasons, Plaintiff's Motion is denied.

**I.  Background**

Plaintiff Hope Quaintance brings this suit pro se under the Americans with Disabilities Act, alleging that Defendant City of Columbia-COMO Connect discriminated against her on the basis of disability.[1] [Doc. 1]. According the Plaintiff's Complaint, she was hired to work as a city bus driver on February 9, 2013. Plaintiff saw her primary care doctor in May 2014 and she was released to return to work with no restrictions. Nevertheless, Defendant required Plaintiff to undergo a "fitness for duty exam." On or about May 14, 2014, Defendant's Employee Health Medical Advisor determined Plaintiff was not fit to drive and needed additional medical treatment. A "return to work" exam was scheduled for July 15, 2014, but the exam was cancelled and was not rescheduled. On August 25, 2014, Plaintiff was terminated because she "was not

---

[1]  Plaintiff's Complaint is filed under the ADA, but she also alleges race and gender discrimination.

DOT certified, was not medically capable of performing the essential[] functions of [the] job; because [Plaintiff] had canceled [her] July 15 follow up appointment and declined to reschedule it; and because [Plaintiff] had not completed the return to duty process." [Doc. 1-1, p 4].

This case was originally filed in the Eastern District of Missouri and assigned to Magistrate Judge David Noce. Judge Noce granted Defendant's Motion to transfer venue to the Western District of Missouri under 28 U.S.C. § 1406(a) and the case was assigned to this Court on January 19, 2017. Plaintiff now seeks the undersigned's recusal due to an alleged a conflict of interest. Plaintiff also seeks a transfer of venue back to the Eastern District.

## II. Discussion

### A. Recusal

Plaintiff seeks recusal citing a conflict of interest because Plaintiff "ha[d] a case mishandled in . . . [the undersigned's spouse] Christopher Kelly['s] Boone County Courtroom against his [relative] in which he handled." [Doc. 28, p. 1]. Even assuming her allegations to be true,[2] recusal is not warranted.

Plaintiff does not state a legal basis for her assertion that recusal is required. The circumstances in which a district court judge is disqualified from hearing a case are set out in 28 U.S.C. § 455.[3] Section 455(a) provides that a judge shall disqualify herself in any proceeding in which her "impartiality might reasonably be questioned[.]" An "objective standard of reasonableness" applies in deciding a motion to disqualify. *Pope v. Federal Express Corp.*, 974 F.2d 982, 985 (8th Cir. 1992). "This objective standard is not a test of whether the judge, or a

---

[2] Plaintiff describes the case in her opposition to Defendant's Motion to Transfer, [Doc. 17].
[3] Because Plaintiff has not filed an affidavit to meet the requirements of 28 U.S.C. § 144, the Court will consider this motion under § 455.

2

party, might believe that a bias existed, but whether the 'average person on the street' would question the impartiality of the judge, under the circumstances." *Id*.

Section 455(b) lists specific circumstances in which recusal is required, including when a judge has "personal bias or prejudice concerning a party" or knows she "has a financial interest in the subject matter in controversy." § 455(b)(1) and (b)(4). In assessing this type of claim, a court considers only the legal sufficiency of the claim, not its factual merit. *Souder v. Owens–Corning Fiberglas Corp.,* 939 F.2d 647, 653 (8th Cir. 1991). Nonetheless, to succeed on a personal bias claim, the moving party must "'allege specific facts and not mere conclusions or generalities.'" *United States v. Anderson,* 433 F.2d 856, 860 (8th Cir. 1970) (internal citation and quotation omitted).

"Because a judge is presumed to be impartial, 'the party seeking disqualification bears the substantial burden of proving otherwise.'" *United States v. Dehghani,* 550 F.3d 716, 721 (8th Cir. 2008) (internal quotation and citation omitted). In other words, the moving party "carries a heavy burden of proof." *Fletcher v. Conoco Pipeline Co.,* 323 F.3d 661, 664 (internal quotation and citation omitted). Further, the mere filing of a motion to recuse or disqualify does not automatically require a trial judge to recuse. *See Hayes v. Nat'l Football League,* 463 F. Supp. 1174, 1180 (C.D. Cal. 1979) (if automatic disqualification was required upon the filing of a request for disqualification or recusal, "the floodgates would be open to 'judge-shopping'"). The movant's "allegations [must] meet the substantial showing necessary to establish a clear and indisputable right to recusal and a nondiscretionary duty on the district judge to disqualify himself." *In re Kansas Pub. Employees Ret. Sys.*, 85 F.3d 1353, 1365 (8th Cir. 1996).

3

### 1. Recusal under § 455(a)

Under § 455(a), a judge is required to recuse herself "if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *Am. Prairie Const. Co. v. Hoich*, 560 F.3d 780, 789 (8th Cir. 2009) (quoting *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003)). The movant's "allegations [must] meet the substantial showing necessary to establish a clear and indisputable right to recusal and a nondiscretionary duty on the district judge to disqualify himself." *In re Kansas Pub. Employees Ret. Sys.*, 85 F.3d at 1365.

Plaintiff has not met such a showing. Plaintiff alleges the Court has a conflict of interest because Plaintiff obtained an unfavorable outcome in a previous case adjudicated by the undersigned's spouse, Christopher Kelly, while he was an Associate Circuit Judge in Boone County. There is nothing to suggest the undersigned's "impartiality might reasonably be questioned" by an earlier case in a different court system regardless of the presiding judge. "[W]here an interest is not direct, but is remote, contingent or speculative, it is not the kind of interest which reasonably brings into question a judge's partiality." *Sensley*, 385 F.3d at 600 (internal quotation and citation omitted). Judicial conduct by a spouse in an unrelated case in a different court at a different time, does not meet this threshold, particularly because there is no allegation that the undersigned was even aware of the case described by Plaintiff.

Plaintiff raises no more than a remote, contingent, or speculative interest. Under the objective standard of § 455(a), nothing in Plaintiff's Motion suggests "the 'average person on the street' would question the impartiality of the judge, under the circumstances." *Pope v. Federal Express Corp.*, 974 F.2d 982, 985 (8th Cir. 1992).

### 2. Recusal under § 455(b)

There is also no merit for recusal under § 455(b). Section 455(b) lists specific circumstances in which recusal is required, including when a judge has "personal bias or prejudice concerning a party." § 455(b)(1). To succeed on a personal bias claim, the moving party must "'allege specific facts and not mere conclusions or generalities.'" *United States v. Anderson,* 433 F.2d 856, 860 (8th Cir. 1970) (internal citation and quotation omitted).

Plaintiff has not alleged specific facts that could show any personal bias or prejudice. Insofar as the undersigned's spouse may have presided over a previous case in a different court, nothing in Plaintiff's Motion sufficiently alleges such a case would create a personal bias or prejudice concerning a party. In *Anderson*, the Eighth Circuit found "[t]he court's demeanor and rulings in earlier phases of the same case may provide a basis for a claim of error, but they do not provide a basis for disqualification." *Id.* Here, the "demeanor and rulings" in a separate case in a separate court heard not by the undersigned but by the undersigned's spouse likewise do not provide a basis for disqualification.

Furthermore, where a party moves for recusal but the rules do not require it, the judge is obligated not to recuse herself. *See Sw. Bell Tel. Co. v. FCC*, 153 F.3d 520, 523 (8th Cir. 1998) (Hansen, J., in chambers); *Holloway*, 960 F.2d at 1350-51 (8th Cir. 1992) ("Judges have an affirmative duty: . . . 'not to disqualify themselves unnecessarily.'") (quoting *Davis v. Comm'r of Internal Revenue*, 734 F.2d 1302, 1303 (8th Cir. 1984) (per curiam)); *Anderson*, 433 F.2d at 859 ("When an affidavit does not meet the requirements imposed by law, the judge has an obligation not disqualify himself."). Because Plaintiff's motion does not require recusal under § 455, the undersigned is obligated not to recuse. The Court thus denies Plaintiff's motion for recusal.

### B. Change of Venue

Plaintiff also requests a change of venue, citing "mishandled information" when the Western District Clerk's Office erroneously used Plaintiff's previous address of record when mailing the physical copy of the Court's Order on Pretrial Procedures, [Doc. 24], and Order setting deadline for a Proposed Scheduling Order, [Doc. 25]. Plaintiff did not receive these Orders as a result and was unaware of the deadline for filing a proposed scheduling order. However, once the Clerk's office became aware of the mistake, it was corrected and the Court extended the relevant scheduling deadlines. Thus, Plaintiff has shown no prejudice. In addition, a clerical mistake is not a grounds for changing venue under federal law.

Finally, Judge Noce found that venue was proper only in the Western District of Missouri. [Doc. 21]. Venue for a civil action is proper in any judicial district in which (1) "any defendant resides, if all defendants are residents of the State in which the district is located;" (2) "a substantial part of the events or omissions giving rise to the claim occurred;" or, (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisction with respect to such action." 28 U.S.C. § 1391(b).

Defendant is a municipality with its principal place of business in Columbia, Missouri. [Doc. 15]. According to Plaintiff's Complaint, all of the facts giving rise to the claim occurred in Columbia, Missouri. [Doc. 1]. Columbia, Missouri is located in Boone County within the Western District of Missouri. Accordingly, Judge Noce found "venue is only proper in the Western District of Missouri." [Doc. 21]. This Court agrees.

**III. Conclusion**

For the foregoing reasons, Plaintiff's Motion for Recusal or Change of Venue [Doc. 29] is denied.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated:  March 14, 2017
Jefferson City, Missouri