THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | ) | |
|---|---|---|
| **HOPE QUAINTANCE** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:17-cv-04007-NKL |
| v. | ) | |
| | ) | |
| **CITY OF COLUMBIA, COMO CONNECT** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## ORDER

Pending before the Court are Defendant's Partial Motion for Judgment on the Pleadings, [Doc. 35], and Plaintiff's Motion for Reconsideration [Doc. 36]. For the following reasons, both motions are denied.

### I.  Background

Plaintiff Hope Quaintance brings this suit pro se under the Americans with Disabilities Act, alleging that Defendant City of Columbia-COMO Connect discriminated against her on the basis of race, gender, and disability. [Doc. 1]. According the Plaintiff's Complaint, she was hired to work as a city bus driver on February 9, 2013. Plaintiff saw her primary care doctor in May 2014 and she was released to return to work with no restrictions. Nevertheless, Defendant required Plaintiff to undergo a "fitness for duty exam." On or about May 14, 2014, Defendant's Employee Health Medical Advisor determined Plaintiff was not fit to drive and needed additional medical treatment. A "return to work" exam was scheduled for July 15, 2014, but the

exam was cancelled and was not rescheduled. On August 25, 2014, Plaintiff was terminated because she "was not DOT certified, was not medically capable of performing the essential[] functions of [the] job; because [Plaintiff] had canceled [her] July 15 follow up appointment and declined to reschedule it; and because [Plaintiff] had not completed the return to duty process." [Doc. 1-1, p 4]. Plaintiff also alleges "[t]hroughout her employment, [she] was subjected to harassment, in the form of derogatory comments about [her] race and sex from [her immediate supervisor] and from coworkers." *Id.* The Complaint alleges she "complained to managers and to human resources verbally and in writing" but "the behavior continued." *Id.*

The first page of the Employment Discrimination Complaint she completed to file this suit lists four statutes and asks the claimant to check "only those that apply." The form lists Title VII of the Civil Rights Act of 1964, the Age Discrimination Employment Act of 1967, the Americans with Disabilities Act of 1990, and the Rehabilitation Act of 1973. Plaintiff only checked the "Americans with Disabilities Act of 1990." Later in her complaint, however, she was asked to check all that apply to complete the following sentence: "I believe I was discriminated against because of my _____." [Doc. 1, p. 4]. Plaintiff checked "race," "color," "gender," and "disability." Defendant now moves for Partial Judgment on the Pleadings on the grounds that "Plaintiff is attempting to allege claims of race, color, and gender discrimination in her complaint which is filed under the Americans with Disabilities Act." [Doc. 35, p. 1].

In her response to Defendants' Motion, Plaintiff also moves for reconsideration of the Court's Order, [Doc. 30], on her previous Motion for Recusal.

**II.     Discussion**

    *A.     Motion for Partial Judgment on the Pleadings*

The allegations in Plaintiff's Complaint, [Doc. 1], are taken as true for the purpose of determining whether Defendant's Motion should be granted. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "A pro se complaint must be liberally construed, and 'pro se litigants are held to a lesser pleading standard than other parties'." *Topchian v. JP Morgan Chase Bank, N.A.*, 760 F.3d 843 (8th Cir. 2014) (citing *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008)).

Defendant moves for judgment on the pleadings as to Plaintiff's claims of race, color, and gender discrimination. Plaintiff only indicated she was bringing suit under the American's with Disabilities Act, 42 U.S.C. Section 12101, *et seq.*, which only allows for lawsuits on the basis of disability. In her response to Defendant's Motion, Plaintiff asks that race and gender discrimination remain, noting "witness against two white disabled men coworkers" who "are also involved in [her] case." [Doc. 36, p. 1].

Based on her filing, it seems clear to the Court that Plaintiff means to bring claims based on alleged racial and gender discrimination. *See* [Doc. 1, Doc. 36]. On page six of her Complaint, she writes:

> I believe I have been discriminated against due to my race, black; sex, female, and in retaliation for my complaints of harassment in the workplace in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe that I have been discriminated against because of my disability and/or my record of a disability in violation of the Americans with Disabilities Act, as amended.

[Doc. 1, p. 6]. It is therefore clear to the Court that Plaintiff's failure to place a mark next to "Title VII of the Civil Rights Act of 1964" on page one of her Complaint was an inadvertent mistake and does not warrant judgment on the pleadings. *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) ("When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety,

then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.").

If she chooses, Plaintiff may move for leave to file an amended complaint in order to make clear on the first page of her form that she brings this suit under both Title VII of the Civil Rights Act and the Americans with Disabilities Act. However, because she explicitly notes elsewhere in her Complaint that this suit is brought under both statutes, [Doc. 1, p. 6], Defendant's Motion for Partial Judgment on the Pleadings is denied.

      B.    *Motion for Reconsideration of Plaintiff's Motion for Recusal*

In her response to Defendant's Motion, Plaintiff also reiterated her request for the undersigned's recusal, which the Court previously denied. [Doc. 30]. Liberally construing her filing, the Court analyzes her request as a Motion for Reconsideration. A district court has broad discretion in determining whether to grant motions to reconsider. *In re Levaquin Products Liab. Litig.*, 739 F.3d 401, 404 (8th Cir. 2014); *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). However, a motion to reconsider generally "serve[s] a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010).

In support of her motion to reconsider, Plaintiff states: "My request wasn't because of the outcome of my case, it was the illegal process" of the undersigned's spouse. [Doc. 36, p. 3]. Plaintiff reiterated her concerns that the undersigned's spouse, Christopher Kelly, mishandled a case she was involved in while he was an Associate Circuit Judge in Boone County. *See* [Doc. 17; Doc. 28].

As analyzed in the Court's Order on Plaintiff's Motion for Recusal, [Doc. 30], the movant's "allegations [must] meet the substantial showing necessary to establish a clear and

indisputable right to recusal and a nondiscretionary duty on the district judge to disqualify himself." *In re Kansas Pub. Employees Ret. Sys.*, 85 F.3d 1353, 1365 (8th Cir. 1996). Even taking her allegations as true, Plaintiff has not alleged specific facts that could show any personal bias or prejudice. Insofar as the undersigned's spouse may have presided over a previous case in a different court, nothing in Plaintiff's Motion sufficiently alleges such a case would create a personal bias or prejudice concerning a party in this Court.

Furthermore, where a party moves for recusal but the rules do not require it, the judge is obligated not to recuse herself. *See Sw. Bell Tel. Co. v. FCC*, 153 F.3d 520, 523 (8th Cir. 1998) (Hansen, J., in chambers); *Holloway*, 960 F.2d at 1350-51 (8th Cir. 1992) ("Judges have an affirmative duty: . . . 'not to disqualify themselves unnecessarily.'") (quoting *Davis v. Comm'r of Internal Revenue*, 734 F.2d 1302, 1303 (8th Cir. 1984) (per curiam)); *Anderson*, 433 F.2d at 859 ("When an affidavit does not meet the requirements imposed by law, the judge has an obligation not disqualify himself."). Because Plaintiff's motion does not require recusal, the undersigned is obligated not to recuse. The Court thus denies Plaintiff's Motion for Reconsideration.

## III. Conclusion

For the foregoing reasons, Defendant's Partial Motion for Judgment on the Pleadings, [Doc. 35], and Plaintiff's Motion for Reconsideration [Doc. 36], are denied.

                                        s/ Nanette K. Laughrey
                                        NANETTE K. LAUGHREY
                                        United States District Judge

Dated: June 12, 2017
Jefferson City, Missouri